IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| GREGORY A. HEATH, | § § | |
| *Plaintiff,* | § § | |
| v. | § § | CIVIL ACTION NO. 2:17-cv-2494 |
| JACKSON NATIONAL LIFE INSURANCE COMPANY AND JOHN FINLEY, | § § § § | |
| *Defendants.* | § § | |

## DEFENDANT'S NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COMES, Defendant Jackson National Life Insurance Company ("Jackson") and pursuant to 28 U.S.C. §§ 1441 and 1446, and gives notice that it hereby removes the case styled *Gregory A. Heath v. Jackson National Life Insurance Company and John Finley,* Cause No. CH-17-0767, Part II filed in the Chancery Court for Shelby County, Tennessee (the "State Court Action"). As grounds for removal, the Defendant respectfully states the following:

I.   **THE STATE COURT ACTION.**

1.   The State Court Action arises out of Jackson's payment of insurance proceeds under a life insurance policy, Policy No. VILM020525 insuring the life of Kathryn J. Finley (the "Policy").

2.   On May 23, 2017, Plaintiff initiated the State Court Action by filing his Complaint for Declaratory Judgment ("Complaint") in the Chancery Court of Shelby County, Tennessee. *See* Exhibits B(1) and B(2).

3. In his Complaint, Plaintiff asserts a claim to the Policy proceeds in the amount of $100,500.00 (representing sixty-seven percent (67%) of the Policy proceeds), plus attorneys' fees, expenses and costs and asserts the following causes of action: breach of contract and Declaratory Judgment. *See* Exhibit B(2), ¶¶ 10, 13, 17- 20, 23; Prayer.

4. On June 9, 2017, the Clerk and Master of Shelby County, Tennessee issued a Summons directed to Jackson. Exhibit B(3).

5. On July 10, 2017, a Return of Service was filed evidencing service of citation upon Jackson via the Tennessee Department of Commerce and Insurance on June 16, 2017. Exhibit B(4).

6. On July 14, 2017, Jackson filed a Notice of Filing Notice of Removal. *See* Exhibit B(5).

7. No further proceedings have taken place in the State Court Action.

## II.   REQUIREMENTS FOR REMOVAL.

8. In accordance with 28 U.S.C. § 1446(a), Jackson attaches the following to its Notice of Removal:

| | | |
|---|---|---|
| Exhibit A: | Index of all matters filed in the State Court Action that clearly identifies each document and indicates the date the document was filed. |
| Exhibit B: | Copies of all process and pleadings in the State Court Action, individually tabbed and arranged in order of filing under tabs 1 through 5. |
| Exhibit C: | Affidavit of Justin L. Jones |

9. As stated herein, Plaintiff filed the State Court Action on May 23, 2017. Jackson was served on June 16, 2017. *See* Exhibits B(1) and B(3). Consequently, this Notice of Removal is timely filed pursuant to 28 U.S.C. §1446(b) because it is filed within thirty (30) days

of receipt by Jackson of the initial pleading setting forth the claim for relief as well as within thirty (30) days of service of the initial pleading on Defendant John Finley.

10. Because Defendant John Finley was improperly joined as a co-defendant, his consent is not needed for removal. *Chambers v. HSBC Bank USA, N.A.*, 796 F.3d 560, 564 (6th Cir. 2015), *cert. denied*, 136 S. Ct. 1454 (2016).

11. As set forth in more detail below, this Court would have original jurisdiction of this matter based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Except as otherwise expressly provided by Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed to the district court of the United States for the district and division embracing the place where the action is pending. *See* 28 U.S.C. § 1441. The Western Division of the Western District of Tennessee is the United States District and Division embracing Shelby County, Tennessee, the county in which the State Court Action is pending. *See* 28 U.S.C. § 123(c)(2).

12. As required by 28 U.S.C. § 1446(d), Jackson, the removing party, will promptly give all parties written notice of the filing of this Notice of Removal and will promptly file a copy of this Notice of Removal with the Clerk and Master of the Chancery Court of Shelby County, Tennessee, where the State Court Action is currently pending.

### III.   THIS COURT HAS JURISDICTION BASED ON DIVERSITY OF CITIZENSHIP.

13. The district courts of the United States have original jurisdiction over this action because there is complete diversity of citizenship between the parties, in that Jackson National is now, was at the time of Removal, and was at the time the State Court Action was commenced, diverse in citizenship from Plaintiff. 28 U.S.C. § 1332(a). Moreover, this Court has original jurisdiction over this cause because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a).

### A. Plaintiff has Fraudulently Joined John Finley to Destroy Diversity.

14. John Finley's ("Finley") presence in this action, if proper, would destroy complete diversity. Under the doctrine of fraudulent joinder, however, the court can disregard a non-diverse defendant when (1) the plaintiff has no possibility of establishing a colorable cause of action under state law against the non-diverse or local defendant, (2) the plaintiff fraudulently pleaded jurisdictional facts to add the non-diverse or local defendant, and (3) the plaintiff seeks no monetary or other relief the local defendant can legally provide. *See Chambers v. HSBC Bank USA, N.A.*, 796 F.3d 560, 565 (6th Cir. 2015); *Coyne ex rel. Ohio v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999); *Glassman, Edwards, Wade & Wyatt, P.C. v. Wolf Haldenstein Adler Freeman & Herz, LLP*, 601 F. Supp. 2d 991, 1002 n.8 (W.D. Tenn. 2009).

15. There is no possibility that Finley will be liable to Plaintiff; he is only a party for purposes of destroying diversity. The Complaint does not contain any factual allegation or claim that Finley did anything wrong. Plaintiff only seeks damages from Jackson (Complaint, ¶22), not from Finley. Because there is no claim that Finley did anything wrong, there is no possibility of Plaintiff establishing a colorable claim against him, and he should be ignored for purposes of determining the existence of complete diversity. *Johnson v. Hill Bros. Transp., Inc.*, 262 F. Supp. 2d 889, 891 (E.D. Tenn. 2003) (quoting *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461, (1980)) ("A federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy.").

### B. There is complete diversity of citizenship between the Parties.

16. Plaintiff is a natural person. For the purposes of diversity jurisdiction, a person is considered a citizen of the state where the person is domiciled. *Safeco Ins. Co. of Am. v. City of White House, Tenn.*, 36 F.3d 540, 544 (6th Cir. 1994). Plaintiff was, at the time the action was filed, and is currently, domiciled in the State of Tennessee. *See* Exhibit B(2) ¶ 1. Consequently,

Plaintiff was at the time the State Court Action was filed, and is currently, a citizen of the State of Tennessee.

17.  Jackson is a foreign corporation, existing under the laws of the State of Michigan, with its principal place of business in the State of Michigan. Therefore, Jackson National is not a citizen of the State of Tennessee for diversity purposes. 28 U.S.C. § 1332(c).

18.  At the time the State Court Action was commenced, and at the time of Removal, Jackson was, and currently remains, diverse in citizenship from the Plaintiff. 28 U.S.C. § 1332(a)(1). Accordingly, there is complete diversity among the parties.

### C.  The amount in controversy exceeds $75,000.00 exclusive of interest and costs.

19.  For diversity purposes, the amount in controversy normally is determined by the amount sought on the face of the plaintiff's pleadings, so long as the plaintiff's claim is made in good faith. *Jones v. Knox Expl. Corp.*, 2 F.3d 181, 182 (6th Cir. 1993). The court must first determine whether it is "self evident" from the plaintiff's pleadings whether the claims exceed the jurisdictional amount. *Great Tenn. Pizza Co. v. BellSouth Telecomm., Inc.*, No. 3:10-CV-151, 2011 U.S. Dist. LEXIS 46968, at *11 (E.D. Tenn. 2011). Here, it is apparent from the Plaintiff's pleading in the State Court Action that Plaintiff seeks to recover $100,500.00, such sum being 67% of the Policy proceeds (Complaint ¶10, 22, and 23(c)), plus attorney's fees, expenses and costs allowed under Tennessee law. (Complaint ¶23(d)). However, plaintiff admits that Jackson issued a check to him in the amount of $49,535.10. (Complaint ¶13). Therefore, the court may reasonably conclude the amount in controversy on the Policy is at least $50,964.90, *before* attorney's fees.

20.  Here, in addition to the amount allegedly owed under Policy, Plaintiff also seeks recovery of attorney's fees (Complaint ¶23(d)). Attorney's fees may be considered as part of the amount in controversy where recovery of those fees is provided by contract or statute.

*Williamson v. Aetna Life Insu. Co.*, 481 F3d 369, 376 (6th Cir. 2007). Thus the attorney's fees are also part of the amount in controversy.[1]

21. If the amount in controversy is not apparent from the face of the petition, the court may rely on facts asserted in the notice of removal or in an affidavit submitted by the removing defendant to support a finding of the requisite amount. *Great Tenn. Pizza Co, v. BellSouth Telecomm, Inc.*, No. 3:10-CV-151, 2011 U.S. Dist. Lexis 46968, at *13 (E.D.Tenn 2011). The reasonable and necessary attorney's fees to be incurred in this case will likely exceed $25,000.00 See affidavit of Justin Jones attached hereto as Exhibit "C."

22. Because it is facially apparent from the Complaint that the amount Plaintiff seeks to recover from Jackson is at least $50,964.90, plus attorney's fees which are likely to be at least $25,000.00, the amount-in-controversy prong of diversity jurisdiction is satisfied.

## IV.  CONCLUSION.

23. Because there is complete diversity between the parties when the fraudulently joined defendant is disregarded and the amount in controversy exceeds $75,000.00, diversity jurisdiction exists and this Court has subject matter jurisdiction over the case.

## V.  PRAYER

WHEREFORE, pursuant to 28 U.S.C. §§ 1332(a)(1), 1441 and 1446 and in conformance with the requirements set forth in 28 U.S.C. § 1446, Jackson hereby removes the case styled *Gregory A. Heath v. Jackson National Life Insurance Company and John Finley,* Cause No. CH-17-0767, Part II, filed in the Chancery Court for Shelby County, Tennessee, so that this Court may assume jurisdiction over the cause as provided by law.

---

[1] Jackson does not agree that Plaintiff is entitled to recover attorney's fees, but his pleading seeks recovery of them and, therefore, places them at issue and in controversy.

Dated: July 14, 2017

Respectfully submitted

_____
Justin L. Jones (TBR# 26403)
HUSCH BLACKWELL LLP
1661 International Drive, Suite 300
Memphis, Tennessee 38120
T: 901.842.7822
F: 901.523.7472
Justin.Jones@huschblackwell.com

AND

Richard A. Illmer
Texas Bar No. 10388350
HUSCH BLACKWELL LLP
2001 Ross Avenue, Suite 2000
Dallas, Texas 75201
(214) 999-6100
(214) 999-6170 *facsimile*
Rick.Illmer@huschblackwell.com

**Attorney for Defendant Jackson National Life Insurance Company**

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was delivered to all counsel of record as shown below:

_____  Mailed by certified mail, return receipt requested, postage prepaid, in a postpaid, properly addressed wrapper, in a post office or official depository under the care and custody of the United States Postal Service.

_____  Hand-delivered by courier receipted delivery.

_____  Forwarded by next day receipted delivery service.

_____  Communicated by telephonic document transfer to the recipient's current telecopier number.

_____  Electronic Service via the Western District of Tennessee Electronic Case Filing System (ECF).

TO:

T. Verner Smith
367-A North Parkway, Suite 1
Jackson, Tennessee 38305

on this 14th day of July, 2017.

_____
Justin L. Jones