EXHIBIT B

- Not an Official Document



## Report Selection Criteria

**Case ID:**          CH-17-0767
**Docket Start Date:**
**Docket Ending Date:**

## Case Description

**Case ID:**       CH-17-0767 - GREGORY HEATH VS JACKSON NATIONAL LIFE INS, ET
                   AL
**Filing**         Tuesday , May 23rd, 2017
**Date:**
**Type:**          DJ - Comp/Declaratory Judgment
**Status:**        EXECUTIONS - Service executions

## Related Cases

*No related cases were found.*

## Case Event Schedule

*No case events were found.*

## Case Parties

| Seq # | Assoc | Expn Date | Type | ID | Name |
|---|---|---|---|---|---|
| 1 | | | Chancellor | 30DH | **KYLE, JIM** |
| **Address:** | 140 ADAMS AVE. ROOM 303 MEMPHIS TN 38103 (901)222-3936 | | **Aliases:** | *none* | |
| | | | | | |
| 2 | | | Part | PT2 | **Part 2** |
| **Address:** | 140 Adams Memphis TN 38103 | | **Aliases:** | *none* | |
| | | | | | |
| 3 | | | Plaintiff's Attorney | 11686 | **SMITH, T VERNER** |

| | | | | | | |
|---|---|---|---|---|---|---|
| **Address:** | BOX 1743<br>112 NORTH<br>LIBERTY STREET<br>Jackson TN 38302 | | **Aliases:** | *none* | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| 4 | | | Plaintiff | @106422 | **HEATH, GREGORY A** | |
| **Address:** | *unavailable* | | **Aliases:** | *none* | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| 5 | 7 | | Defendant | @106423 | **FINLEY, JOHN** | |
| **Address:** | *unavailable* | | **Aliases:** | *none* | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| 6 | | | Defendant | @106424 | **JACKSON NATIONAL LIFE INSURANCE COMPANY** | |
| **Address:** | *unavailable* | | **Aliases:** | *none* | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| 7 | 5 | | Defendant's Attorney | 5776 | **JONES, JEFFREY** | |
| **Address:** | 6540 STAGE ROAD<br>BARTLETT TN<br>38134 | | **Aliases:** | *none* | | |

## Docket Entries

| Filing Date | Description | Name | Monetary |
|---|---|---|---|
| 23-MAY-2017<br>03:52 PM | Original complaint (T) | SMITH, T VERNER | |
| **Entry:** | COMPLAINT FOR DECLARATORY JUDGMENT | | |
| | | | |
| 23-MAY-2017<br>04:05 PM | PAYMENT RECEIVED | SMITH, T VERNER | |
| **Entry:** | A Payment of -$288.50 was made on receipt CHCH89534. | | |
| | | | |
| 09-JUN-2017<br>03:30 PM | Process issued other (T) | SMITH, T VERNER | |
| **Entry:** | | | |

| | SUMMONS ISSUED TO JOHN FINLEY MAILED BACK TO ATTORNEY FOR SERVICE BY PPS | | |
|---|---|---|---|
| 09-JUN-2017 03:31 PM | Process issued other (T) | SMITH, T VERNER | |
| Entry: | SUMMONS ISSUED TO JACKSON NATIONAL LIFE INSURANCE COMPANY, MAILED TO COMMISSONER OF INSURANCE FOR SERVICE ARTICLE #: 7002 2410 0005 7935 6212 | | |
| 10-JUL-2017 02:41 PM | Returns other (T) | SMITH, T VERNER | |
| Entry: | SUMMONS SERVED TO JACKSON NATIONAL LIFE INSURANCE COMPANY VIA DEPARTMENT OF COMMERCE AND INSURANCE, JUNE 16, 2017 | | |
| 11-JUL-2017 01:57 PM | Returns other (T) | | |
| Entry: | SUMMONS NOT SERVED BY PRIVATE PROCESS SERVER NOT RECEIVED OR SIGNED BY JOHN FINLEY JULY 6, 2017, 8:19 PM | | |
| 12-JUL-2017 09:41 AM | Notice of Appearance | JONES, JEFFREY | |
| Entry: | NOTICE OF APPEARANCE OF ATTORNEY FOR DEFENDANT JOHN FINLEY | | |

IN THE CHANCERY COURT FOR SHELBY COUNTY, TENNESSEE

GREGORY A. HEATH,

    PLAINTIFF,

vs.

JACKSON NATIONAL LIFE INSURANCE COMPANY
AND JOHN FINLEY,

    DEFENDANTS.

NO. CH-17-0767
Part II

---

## COMPLAINT FOR DECLARATORY JUDGMENT

    The Plaintiff, Gregory A. Heath, by and through his undersigned attorney, files this Complaint for Declaratory Judgment and damages and states to the Court as follows:

### JURISDICTION AND VENUE

    1.    The Plaintiff, Gregory A. Heath, (hereinafter referred to as 'Plaintiff') is presently a citizen and resident of Milan, Gibson County, Tennessee.

    2.    The Defendant, Jackson National Life Insurance Company (hereinafter referred to as 'Defendant, Jackson') is an insurance company licensed to and doing business in the State of Tennessee having offices at 300 Innovation Drive, Franklin, Williamson County, Tennessee.  Said Defendant, Jackson has appointed the Commissioner of Insurance as its agent for service of process.

    3.    The Defendant, John Finley (hereinafter 'Defendant, Finley') is a citizen and resident of Shelby County, Tennessee, believed to be residing at 2024 Wall St. Apartment 1, Memphis, TN 38134.

EXHIBIT

2

4.      Kathryn J. Finley, deceased, was the owner of a policy of insurance issued by the Defendant, Jackson identified as policy number VILM020525 and was a citizen and resident of Arlington, Shelby County, Tennessee as of the date of her death.

5.      This action is a request for declaratory judgment and damages arising out of a breach of the terms and conditions of the above insurance policy issued by the Defendant, Jackson in the State of Tennessee.

FACTS

6.      At all times relevant and on June 14, 2015, Kathryn Finley was the owner of a policy of life insurance issued by the Defendant, Jackson and insuring the life of Kathryn Finley in sum total of One Hundred Fifty Thousand Dollars ($150,000).  At all times relevant and on June 14, 2015, the Plaintiff and the Defendant, Finley were designated as beneficiaries under said policy of life insurance issued by the Defendant, Jackson.

7.      From the date the subject policy of life insurance was issued through June 14, 2015, Ms. Finley submitted several Requests for Change of Beneficiary Forms to the Defendant, Jackson to change or adjust the percentage of the life insurance proceeds under policy number VILM020525.

8.      On one or more occasions, Ms. Finley submitted a Change of Beneficiary form to the Defendant, Jackson through the United States Postal Service.  On other occasions, the request for change of beneficiary was submitted to the Defendant, Jackson via facsimile transmission on the appropriate Change of Beneficiary form designated by the Defendant, Jackson. At all times relevant, the instruction forms

published by the Defendant, Jackson to its policyholders state that Change of
Beneficiary Forms may be submitted by facsimile transmission.

     9.     On May 19, 2015, Ms. Finley prepared and submitted a Request for
Change of Beneficiary Form to the Defendant, Jackson via facsimile transmission to the
phone line designated by the Defendant, Jackson for facsimile transmissions.  Attached
hereto as Exhibit 1 to this Complaint is a copy of a cover letter sent with the Change of
Beneficiary Form to the Defendant, Jackson.  Attached hereto as Exhibit 2 to this
Complaint is a copy of the actual Change of Beneficiary Form delivered to the number
designated by the Defendant, Jackson.

     10.     The change of beneficiary form of May 19, 2015 changed the beneficiary
designation portion of the subject life insurance policy to award the Plaintiff, Gregory A.
Heath sixty-seven percent (67%) of the proceeds of the policy insuring Ms. Finley's life
and thirty-three (33%) of such proceeds to the Defendant, John Scot Finley upon the
death of Ms. Finley.  Accordingly, the Plaintiff was to receive $100,500 upon the death
of Ms. Finley and the Defendant, Finley was to receive $49,500 from the Defendant,
Jackson.

     11.     Ms. Finley passed away on June 14, 2015.

     12.     Upon the death of Ms. Finley, the Plaintiff notified the Defendant, Jackson
of the death of Ms. Finley, filling out the appropriate paperwork to lay claim to the life
insurance proceeds payable to him under the contract of life insurance issued on the life
of Ms. Finley.

     13.     Instead of rendering payment to the Plaintiff in the amount of $100,500
plus accrued interest from June 14, 2015 through the date of payment, the Defendant,

Jackson rendered a payment to the Plaintiff in the amount of $49,535.10 during the month of July, 2015.

14.    On information and belief, the Defendant, Jackson issued a check to the Defendant, Finley in an amount equal to or greater than $100,500, representing sixty seven (67%) percent of the death benefits payable under the policy of life insurance issued by the Defendant, Jackson.

15.    Upon receipt of the check from the Defendant, Jackson in the amount of $49,535.10, the Plaintiff contacted representatives of the Defendant, Jackson. Subsequently, by letter dated September 18, 2015, the Plaintiff was informed that the beneficiary change forms dated May 19, 2015 were declined by the Defendant, Jackson. No further explanation was offered by the Defendant, Jackson. Attached as Exhibit 3 is a copy of the letter of September 18, 2015.

16.    Counsel for the Plaintiff has requested a certified copy of the insurance policy and copies of any and all correspondence mailed to Ms. Finley or her beneficiaries in the possession of the Defendant, Jackson. Despite such request for information, the Defendant, Jackson has refused to release the requested information without the consent of the Defendant, Finley.

## DUTIES AND BREACH OF DUTY / BREACH OF CONTRACT

17.    At all times relevant, there was in full force and effect a contract of insurance by and between the Defendant, Jackson and Kathryn Finley. At all times relevant and through the date of the filing of this Complaint, the Plaintiff as well as the Defendant, Finley were third party beneficiaries of this contract of insurance by and between Kathryn Finley and the Defendant, Jackson.

18.    The Plaintiff asserts that, as third party beneficiaries under the subject life insurance policy issued to Kathryn Finley, the Defendant, Jackson was and still remains under a duty to provide the Defendant, Finley as well as the Plaintiff whether individually or collectively with a certified copy of the policy of life insurance on the life of Kathryn Finley.  The Defendant, Jackson is further under a duty to provide the Defendant, Finley as well as the Plaintiff with copies of any and all underwriting or other documents associated with said policy of insurance issued by the Defendant, Jackson.

19.    On information and belief, and at all times relevant, the Defendant, Jackson designated and maintained specific forms for use by its customers, including Kathryn Finley, to designate the beneficiaries who are to receive payment from the Defendant, Jackson upon the death of individuals who are insured by the Defendant, Jackson.  Pursuant to the terms of the contract of insurance issued to Kathryn Finley, the Defendant, Jackson is under a contractual duty to maintain and accept the standard forms designated by the Defendant, Jackson, including forms to change the designated beneficiary under its policies of insurance or to adjust the percentage or portion of such life insurance proceeds payable to any beneficiaries.

20.    Your Plaintiff asserts that Kathryn Finley properly executed and delivered the appropriate Change of Beneficiary Form to the Defendant, Jackson, changing the beneficiary designation to provide for the Plaintiff to received Sixty Seven (67%) Percent of the proceeds of the policy of insurance on her life.  Accordingly, the Defendant, Jackson has breached its duties to the Plaintiff in the following respects:

a. The Defendant, Jackson has failed or refused to provide the Plaintiff with a certified copy of the policy of insurance issued to Kathryn Finley without the consent of the Defendant, Finley.

b. The Defendant, Jackson has failed or refused to provide the Plaintiff with a copy of any and all underwriting documents or correspondence of any kind by and between the Defendant, Jackson and its insured, Kathryn Finley.

c. Despite having received and honored requests for change of beneficiary designation via facsimile transmission and United States Postal Service on prior occasions and in similar form, the Defendant, Jackson failed or refused to receive and honor the request of its insured, Kathryn Finley on May 19, 2015 to change her beneficiary designation making Sixty Seven (67%) percent of the $150,000 death benefit under the subject insurance policy payable to the Plaintiff and Thirty Three (33%) percent of said death benefit payable to the Defendant, Finley.

d. After failing to honor the change of beneficiary designation submitted on the proper form prior to the death of Kathryn Finley, the Defendant, Jackson paid the Defendant, Finley Sixty Seven (67%) percent of the life insurance proceeds or death benefit under the policy insuring the life of Kathryn Finley when the Defendant, Jackson should have paid the Defendant, Finley Thirty Three (33%) Percent of such proceeds or death benefit.

e. After failing to honor the change of beneficiary designation submitted on the proper form prior to the death of Kathryn Finley, the Defendant,

Jackson paid the Plaintiff Thirty Three (33%) Percent of such life insurance proceeds or death benefits when it should have paid the Plaintiff Sixty Seven (67%) percent of the life insurance proceeds or death benefit under the policy insuring the life of Kathryn Finley

21.   Under the facts and circumstances set forth hereunder, the Plaintiff is entitled to judgment against the parties named herein declaring the rights of the parties under the policy of insurance issued by the Defendant, Jackson including the right to copies of the subject insurance policy as well as the entire underwriting and correspondence files maintained by the Defendant, Jackson concerning such policy of life insurance.

22.   The Plaintiff further asserts that he is entitled to judgment against the Defendant, Jackson for any and all damages suffered by the Plaintiff as a direct and proximate result of said defendant's breach of contract.

23.   The Plaintiff further asserts that he is entitled to judgment against the defendants declaring the respective rights of the beneficiaries under the policy of insurance issued on the life of Kathryn Finley, including a monetary judgment against both defendants in this cause of action in an amount equal to the proceeds wrongfully paid by the Defendant, Jackson to the Defendant, Finley.

THEREFORE, your Plaintiff prays that:

a.   This Complaint for Declaratory Relief be filed and served on the Defendants, Jackson National Life Insurance Company and John Finley;

b.   The Defendants be required to answer the complaint within the time required by law;

c.      The Court take proof in this matter as it deems necessary and upon the proof, declare that Plaintiff, Gregory A. Heath, was to receive sixty-seven percent (67%) of the proceeds of the policy of insurance on the life of Kathryn Finley in accordance with the Request for Change of Beneficiary Form executed by Ms. Finley on May 19, 2015 and properly delivered to the Defendant, Jackson

d.      The Plaintiff further requests that this Court grant him such other and further relief to which he may be entitled under the law and in equity, including but not limited to an award of attorneys fees, expenses and costs as may be allowed under Tennessee law.

Respectfully submitted,

GREGORY A. HEATH

T. VERNER SMITH (BPR#11686)
Attorney for Plaintiff
367-A. North Parkway, Suite 1
Jackson, TN 38305
(731) 423-1888

<u>OATH</u>

STAETE OF TENNESSEE
COUNTY OF MADISON

The Affiant, after being duly sworn according to law, makes oath that the facts

and statements contained herein are true to the best of his knowledge, information and

belief.

_____
GREGORY A. HEATH

SWORN AND SUBSCRIBED before me this ___18___ day of May, 2017.

_____
NOTARY PUBLIC

My Commission Expires: ___8-23-17___

COST BOND

I, T. Verner Smith, hereby acknowledge myself as surety for costs in this cause.

This ___18___ day of May, 2017.

T. Verner Smith by Bethany Garland
with permission
_____
T. VERNER SMITH

# EXHIBIT 1

May 19, 2015

Jackson National Life Insurance

As of this date, I am completely coherent and there will be no further changes in Insurance policy, VILM020525. I have my family and hospice as witnesses.

Sincerely,

*Kathryn J. Finley*

Kathryn J. Finley

# EXHIBIT 2

# Jackson National Life Insurance Company    *Kathryn Finley*

## REQUEST FOR CHANGE OF BENEFICIARY FORM

Policy Number: VILM020525        Insured: KATHRYN J FINLEY

*Kathryn Finley*
*716 Hubgilchrist*
*Ramer TN 38367*

- Faxes Will Be Accepted
- Do Not Send Policy with this Form

Policy owner: KATHRYN J FINLEY

*Send all paper work to*

Complete form by typing or printing using ink. Any alterations to the form must be initialed by the owner. The form must be signed and dated within the past six months. Separate requests must be submitted for multiple policies. If more than two beneficiaries are requested, a separate page or copy of this form may be submitted which contains the policy number, the information regarding the beneficiary, the owner's signature(s) and the date signed. If more than one beneficiary is named, state the exact manner in which they are to share in the proceeds by using percentages. The percentages must equal 100%. Review the attached additional instructions if: the policy owner is a trust or a corporation, you are changing the beneficiary to a trust or corporation, the policy owner name has changed, or if you reside in a community property state.

**PRIMARY:**

1) Name: *Gregory A Heath*    Date of Birth: *8-18-69*    Relationship: *son*    SS# or TIN#: *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*    %: *67%*
Address: *716 Hubgilchrist Ramer TN 38367*

2) Name: *John Finley*    Date of Birth: *2-9-39*    Relationship: *husband*    SS# or TIN#: *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*    %: *33%*
Address: *wolf woods 11216 Arlington TN 38002*

**CONTINGENT:**    *Angela Heath Byrum guardian for*

1) Name: *Claton Walker Heath*    Date of Birth: *8-4-97*    Relationship: *grandson*    SS# or TIN#:    %: *50*
Address: *114 Pin oak Cv Medina TN 38355*

*Angela Heath Byrum guardian*

2) Name: *Cassidy Braxton Heath*    Date of Birth: *1-20-98*    Relationship: *grand Daughter*    SS# or TIN#:    %: *50*
Address: *114 Pin oak Cv Medina TN 38355*

Policies subject to Viatical / Life Settlement transaction — Is any individual/entity listed on this form as beneficiary, a viatical settlement provider, a life settlement provider, the receiver or conservator of a viatical or life settlement company, a viatical or life financing entity, trustee, agent, securities intermediary or other representative of a viatical or life settlement provider, or an individual or entity which invested in this policy as a viatical or life settlement?    ☐ Yes  ☒ No

I (we) as the policyowner(s) hereby consent to the above designations and revoke all previous beneficiary designations. The effective date of this revocation and change, upon being filed and recorded with the Company, will take effect as of the date the form was signed, unless the policy has been terminated, surrendered, or had a claim filed and/or processed against it before this revocation and change is received by the Company.

| | | |
|---|---|---|
| *Kathryn J Finley* | *Kathryn J. Finley* | *5-19-15* |
| Print Name of Policy Owner | Signature of Policy Owner | Date |
| *Greg A Heath* | *Greg Heath* | *5-19-15* |
| Print Name of Policy Co-owner (if applicable) | Signature of Policy Co-Owner (if applicable) | Date |

| | | | |
|---|---|---|---|
| Spousal Signature (See additional Instructions attached) | Date | Irrevocable Beneficiary Signature (if applicable) | Date |

Date _____

Signature of Notary Official, if applicable Notary seal/stamp. If the owner's signature has changed over the years please have the signature notarized.)

EXHIBIT 3

Rightfax                9/23/2015 9:55:38 AM   PAGE   1/001   Fax Server

**Jackson National Life Insurance Company**
PO Box 305082 Nashville TN 37230-5082
Phone 1-800-437-8854 Fax 803-333-4937
Visit us at www.insurance-servicing.com



September 18, 2015

GREGORY ALLEN HEATH
716 HUB GILCHRIST
RAMER TN 38367

Insured Name: KATHRYN J FINLEY
Policy Number: VILM020525
Correspondence Number: 10479066

Dear Mr. Heath:

Thank you for contacting Jackson National Life Insurance Company. The File has been reviewed by management, and confirmed all of the beneficiary change forms dated 05/19/15 were declined by our company. Our company never received an acceptable beneficiary change form after the last accepted beneficiary change dated 4/25/15, which has your portion of the proceeds as Gregory A Heath, son at 33%.

Therefore the death claim was processed in accordance to the last accepted beneficiary change, and a proceeds check in the amount of $150,078.95 was forwarded under separate cover to Gregory A. Heath.

If you have any questions, please call the Client Service Center at 1-800-437-8854, Monday through Friday from 7:30 AM to 4:30 PM Central Standard Time.

Sincerely,

Judith K. Curtis
Claims Services

EXHIBIT

3

| STATE OF TENNESSEE<br>30th JUDICIAL DISTRICT<br>CHANCERY COURT | **SUMMONS\*\*** | DOCKET NUMBER<br>CH-17-07107 Part II |
|---|---|---|

| Plaintiff<br>Gregory A. Heath | Defendant<br>Jackson National Life Insurance Company<br>and John Finley |
|---|---|

TO:    (NAME AND ADDRESS OF DEFENDANT)

Jackson National Life Insurance Company

C/o Commissioner of Insurance

_____

_____

_____

Method of Service:

☐ Shelby County Sheriff
☐ Private Process Server
☐ Out of County Sheriff\*
☐ Secretary of State\*
☑ Comm. Of Insurance\*
☐ Certified Mail
☐ Other
      \*Attach Required Fees

You are summoned to defend a civil action filed against you in the Chancery Court of Shelby County, Tennessee. Your defense to this action must be made within thirty (30) days from the date this summons is served upon you. You must file your defense with the Clerk of the Court and send a copy to the Plaintiff/Plaintiff's attorney at the address listed below. If you fail to defend this action within thirty (30) days of service, judgment by default may be rendered against you for the relief sought in the Complaint. Questions regarding this summons and the attached documents should be addressed to the Attorney/Plaintiff listed below.

| Attorney for Plaintiff or Plaintiff if filing Pro Se:<br>(Name, address & telephone number)<br><br>T. Verner Smith<br>307-A. North Parkway, Suite I<br>Jackson, TN 38305<br>731-423-1888 | ISSUED  9th  of  June  , 20 17<br><br>Donna L. Russell, Clerk and Master<br><br>By: _____<br>Deputy Clerk & Master<br><br>140 Adams, Room 308    Memphis, TN 38103 |
|---|---|

| TO THE SHERIFF:<br><br>_____<br><br>_____ | Came to hand<br><br>_____ day of _____, 20 ___<br><br>Sheriff |
|---|---|

**CERTIFICATION (IF APPLICABLE)**

| I, Donna L. Russell, Clerk & Master of the Chancery Court in the State of Tennessee, Shelby County, do certify this to be a true and correct copy of the original summons issued in this case. | Donna L. Russell, Clerk & Master<br><br>By: _____<br>D. C. & M. |
|---|---|

\*\*Submit one original and one copy for each defendant to be served.

☞ If you need assistance or accommodations because of a disability, please call the ADA Coordinator at (901) 222-2341.

**Notice of Personal Property Exemption:**

TO THE DEFENDANT(S):

Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state docket number on list.

**STATE OF TENNESSEE**
**Department of Commerce and Insurance**
**500 James Robertson Parkway**
**Nashville, TN 37243-1131**
**PH - 615.532.5260, FX - 615.532.2788**
**Jerald.E.Gilbert@tn.gov**

JACKSON NAT'L LIFE LEGAL

JUN 30 2017

June 19, 2017

Jackson National Life Insurance Company            Certified Mail
One Corporate Way                                  Return Receipt Requested
Lansing, MI  48951                                 7016 0750 0000 2776 1340
NAIC # 65056                                       Cashier # 32779

Re:   Gregory A. Heath   V.   Jackson National Life Insurance Company

      Docket # CH-17-0767 PART

To Whom It May Concern:

Pursuant to Tennessee Code Annotated § 56-2-504 or § 56-2-506, the Department of
Commerce and Insurance was served June 16, 2017, on your behalf in connection with the
above-styled proceeding.  Documentation relating to the subject is herein enclosed.

Jerald E. Gilbert
Designated Agent
Service of Process

Enclosures

cc: Chancery Court Clerk
    Shelby County
    140 Adams Street, Rm 308
    Memphis, Tn  38103

EXHIBIT

tabbies

4

| STATE OF TENNESSEE<br>30th JUDICIAL DISTRICT<br>CHANCERY COURT | SUMMONS** | DOCKET NUMBER<br>CH- 17-0767  Part II |
|---|---|---|

| Plaintiff<br>Gregory A. Heath | Defendant<br>Jackson National Life Insurance Company<br>and John Finley |
|---|---|

TO:   (NAME AND ADDRESS OF DEFENDANT)

John Finley
2024 Wall Street
Apt. 1
Memphis, TN 38134

RECEIVED
JUL 11 2017
CHANCERY COURT

**Method of Service:**
☐ Shelby County Sheriff
☑ Private Process Server
☐ Out of County Sheriff*
☐ Secretary of State*
☐ Comm. Of Insurance*
☐ Certified Mail
☐ Other
  *Attach Required Fees

You are summoned to defend a civil action filed against you in the Chancery Court of Shelby County, Tennessee. Your defense to this action must be made within thirty (30) days from the date this summons is served upon you. You must file your defense with the Clerk of the Court and send a copy to the Plaintiff/Plaintiff's attorney at the address listed below. If you fail to defend this action within thirty (30) days of service, judgment by default may be rendered against you for the relief sought in the Complaint. Questions regarding this summons and the attached documents should be addressed to the Attorney/Plaintiff listed below.

| Attorney for Plaintiff or Plaintiff if filing Pro Se:<br>(Name, address & telephone number)<br><br>T. Verner Smith<br>3265-A North Parkway, Suite 1<br>Jackson, TN 38305<br>731-423-1888 | ISSUED  9th  of  June  , 20 17<br><br>Donna L. Russell, Clerk and Master<br><br>By:<br>Deputy Clerk & Master<br><br>140 Adams, Room 308   Memphis, TN |
|---|---|

| TO THE SHERIFF: | Came to hand<br><br>_____ day of _____ 20___<br><br>Sheriff |
|---|---|

**CERTIFICATION (IF APPLICABLE)**

| I, Donna L. Russell, Clerk & Master of the Chancery Court in the State of Tennessee, Shelby County, do certify this to be a true and correct copy of the original summons issued in this case. | Donna L. Russell, Clerk & Master<br><br>By:<br>D. C. & M. |
|---|---|

**Submit one original and one copy for each defendant to be served.

℡ If you need assistance or accommodations because of a disability, please call the ADA Coordinator at (901)222-____

**Notice of Personal Property Exemption:**

TO THE DEFENDANT(S):

Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state docket number on list.

## RETURN OF SERVICE OF SUMMONS

I hereby certify that I **HAVE** served the within summons:

By delivering on the _6_ day of _July_, 20_17_ at _819_ am/pm a copy of the

summons and a copy of the Complaint to the following Defendant _John Finley_

at _1024 Wall St. Apt I   Memphis Tn 38134_

Signature of person accepting service
      By: _Austin Duffin PPS_
      Sheriff or other authorized person to serve process

## RETURN OF NON-SERVICE OF SUMMONS

I hereby certify that I **HAVE NOT** served the within summons:

To the named defendant _____ because _____

is (are) not to be found in this county after diligent search and inquiry for the following reason(s):_____.

This _____ day of _____, 20 _____

      By: _____
      Sheriff or other authorized person to serve process

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the _____ day of _____, 20_____, I sent, postage prepaid, by registered return receipt

mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case CH-_____ to the

defendant _____. On the _____ day of _____, 20_____, I

received the return receipt, which had been signed by _____ on the _____ day of _____,

20 _____. The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master.

Sworn to and subscribed before me on this ____ day of

_July_, 20_17_

Signature of ✓ Notary Public or ___ Deputy Court Clerk:

My Commission Expires:   MY COMM. EXP. _4/26/2020_

STATE OF TENNESSEE NOTARY PUBLIC COUNTY OF SHELBY

Signature of Plaintiff, Plaintiff's attorney or other person
authorized by statute to serve process.

_____

_____

ATTACH RETURN

RECEIPT HERE

(IF APPLICABLE)

EXHIBIT

5

IN THE CHANCERY COURT FOR SHELBY COUNTY, TENNESSEE

GREGORY A. HEATH,

     PLAINTIFF,

vs.                                                          NO. CH-17-0767
                                                             PART II

JACKSON NATIONAL LIFE INSURANCE COMPANY
AND JOHN FINLEY,

     DEFENDANTS.

---

**JACKSON NATIONAL LIFE INSURANCE COMPANY'S NOTICE OF FILING NOTICE OF REMOVAL**

---

TO THE HONORABLE JUDGE OF SAID COURT:

     COMES NOW, Defendant Jackson National Life Insurance Company, who has filed a

Notice of Removal on this date in the office of the Clerk of the United States District Court for

the Western District of Tennessee, a copy of which is attached hereto as Exhibit 1.

DATED this 14th day of July, 2017.

                             Respectfully submitted,

                             Justin L. Jones (TBR# 26403)
                             **HUSCH BLACKWELL LLP**
                             1661 International Drive, Suite 300
                             Memphis, Tennessee 38120
                             T: 901.842.7822
                             F: 901.523.7472
                             Justin.Jones@huschblackwell.com

                             **AND**

                             Richard A. Illmer
                             Texas Bar No. 10388350
                             **HUSCH BLACKWELL LLP**
                             2001 Ross Avenue, Suite 2000

---

Dallas, Texas 75201
(214) 999-6100
(214) 999-6170 *facsimile*
Rick.Illmer@huschblackwell.com

**Attorney for Defendant Jackson
National Life Insurance Company**

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing was delivered to all counsel of record as shown below:

<u>  X  </u>        Mailed by certified mail, return receipt requested, postage prepaid, in a postpaid, properly addressed wrapper, in a post office or official depository under the care and custody of the United States Postal Service.

_____        Hand-delivered by courier receipted delivery.

_____        Forwarded by next day receipted delivery service.

_____        Communicated by telephonic document transfer to the recipient's current telecopier number.

_____        Electronic Service via the Western District of Tennessee Electronic Case Filing System (ECF).

TO:

T. Verner Smith
367-A North Parkway, Suite 1
Jackson, Tennessee 38305

on this _____ day of July, 2017.

Justin L. Jones