IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| GREGORY A. HEATH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:17-cv-02494-SHM |
| | ) | |
| JACKSON NATIONAL LIFE INSURANCE | ) | |
| COMPANY AND JOHN FINLEY, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Before the Court is Plaintiff Gregory A. Heath's Motion to Remand for lack of subject matter jurisdiction, dated August 14, 2017. (ECF No. 12; cf. ECF No. 14.) Defendant Jackson National Life Insurance Company responded on August 28, 2017. (ECF No. 17.)

For the following reasons, the Motion to Remand is GRANTED.

**I.   Background**

Defendant Jackson National Life Insurance Company ("Defendant Jackson") issued a life insurance policy to Kathryn Finley ("Ms. Finley"). (ECF No. 14 at 117.)[1] The policy insured Ms. Finley's life in the amount of $150,000. (Id.) Plaintiff and

---

[1] Unless otherwise noted, all pin cites for record citations are to the "PageID" page number.

Defendant John Finley ("Defendant Finley") were the designated beneficiaries of the policy. (Id.) The policy provided that policyholders could submit Change of Beneficiary forms by fax. (Id. at 118.)

On May 19, 2015, Ms. Finley submitted a Change of Beneficiary form by fax to Defendant Jackson. (Id.) Ms. Finley requested that, after her death, Plaintiff should receive 67% of the proceeds and Defendant Finley should receive 33% of the proceeds.[2] (Id.) Based on Ms. Finley's $150,000 policy, Plaintiff would receive $100,500 and Defendant Finley would receive $49,500. (Id.)

Ms. Finley died on June 14, 2015. (Id.) Defendant Jackson issued a check to Plaintiff for $49,535.10 and a check to Defendant Finley for $100,500. (Id. at 118-19.) After receiving his check, Plaintiff contacted Defendant Jackson to protest the amount he had received. (Id. at 119.) In a letter dated September 18, 2015, Defendant Jackson informed Plaintiff that the May 19, 2015 Change of Beneficiary form submitted by Ms. Finley had been declined. (Id.) Thus, Plaintiff's portion of the policy proceeds had not been changed to 67%. (Id.)

Plaintiff's counsel, acting on Plaintiff's behalf, asked Defendant Jackson to provide Plaintiff with a copy of the insur-

---

[2] The record does not indicate the portions of Ms. Finley's policy that Plaintiff and Defendant Finley were to receive before May 19, 2015.

2

ance policy and all correspondence between Defendant Jackson and Ms. Finley. (Id.) Plaintiff represents that Defendant Jackson refused. (Id.)

On May 23, 2017, Plaintiff filed a Complaint for Declaratory Judgment in the Chancery Court for Shelby County, Tennessee, against Defendant Jackson and Defendant Finley. (Id.; ECF No. 1-3 at 19-26.) The Complaint alleges that Defendant Jackson has breached its contract with Plaintiff by: (1) refusing to provide Plaintiff with a copy of the policy and correspondence between Defendant Jackson and Ms. Finley; (2) refusing to honor Ms. Finley's May 19, 2015 Change of Beneficiary form; and (3) paying Plaintiff 33% instead of 67% of the policy proceeds. (ECF No. 1-3 at 23-25.) On July 24, 2017, Defendant Jackson filed a Notice of Removal to this Court on the basis of diversity. (ECF No. 1.)

On August 14, 2017, Plaintiff filed a Motion to Remand. (ECF No. 12; cf. ECF No. 14.) Plaintiff argues that the Court does not have subject matter jurisdiction because there is not complete diversity between the parties and the amount in controversy does not exceed $75,000. (ECF No. 14 at 120-22.) Defendant Jackson responded on August 28, 2017. (ECF No. 17.)

II. **Standard of Review**

28 U.S.C. § 1441 grants defendants in civil suits the right to remove cases from state courts to federal district

3

courts when the latter would have had original jurisdiction. Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C., 176 F.3d 904, 907 (6th Cir. 1999). To permit removal, "there must be complete diversity of citizenship both at the time the case is commenced and at the time that the notice of removal is filed." Id.

"'When a non-diverse party has been joined as a defendant, then in the absence of a substantial federal question[,] the removing defendant may avoid remand only by demonstrating that the non-diverse party was fraudulently joined.'" Id. (internal quotations omitted). The burden of proving fraudulent joinder of a non-diverse defendant is "a heavy one" and lies on the removing party. Walker v. Philip Morris USA, Inc., 443 F. App'x 946, 953 (6th Cir. 2011) (internal quotations omitted); Alexander v. Electronic Data Systems Corp., 13 F.3d 940, 948-949 (6th Cir. 1994).

"To prove fraudulent joinder, the removing party must present sufficient evidence that plaintiff could not have established a cause of action against non-diverse defendants under state law." Coyne v. American Tobacco Co., 183 F.3d 488, 493 (6th Cir. 1999). One basis for remand is failure to state a colorable claim for recovery against a non-diverse defendant. Id. "[A] claim is colorable 'if the state law might impose liability on the resident defendant under the facts alleged.'" Kent State Univ. Bd. of Trs. v. Lexington Ins. Co., 512 F. App'x

4

485, 489 (6th Cir. 2013) (internal quotations omitted). In deciding whether a defendant has been fraudulently joined, the district court must resolve "all disputed questions of fact and ambiguities in the controlling . . . state law in favor of the nonremoving party." Coyne, 183 F.3d at 493 (internal quotations omitted).

**III. Analysis**

Plaintiff and Defendant Finley are citizens of Tennessee. (ECF No. 1 at 4-5; ECF No. 1-3 at 19.) Defendant Jackson is a foreign corporation with its principal place of business in Michigan. (Id. at 5.) There is no diversity on the face of the complaint because Plaintiff and Defendant Finley are citizens of the same state.

Defendant Jackson argues that Plaintiff fraudulently joined Defendant Finley to defeat diversity jurisdiction. (ECF No. 17 at 137.) Defendant Jackson argues that joinder was fraudulent because "Plaintiff has asserted no colorable claims or alleged any facts giving rise to a cause of action against Defendant Finley." (Id.) "If Plaintiff is able to prove that he is entitled to the additional death benefit, his recovery will only be against [Defendant Jackson], not Defendant Finley." (Id. at 138.)

5

The "colorable claim" standard is not the only standard for analyzing whether a non-diverse defendant has been fraudulently joined.

> Federal courts . . . have found that a non-diverse defendant was not fraudulently joined, even though no colorable claim was asserted against it and no relief was sought from that party, where it was a necessary party to the action under state law because its interests would be substantially [a]ffected by a judgment.

<u>Scott v. State Farm Fire & Cas. Co.</u>, No. 1313287, 2014 WL 3054784, at *4 (E.D. Mich. July 7, 2014) (citing cases in support of the proposition). Although Plaintiff alleges no claim against Defendant Finley, Defendant Finley is a necessary party. Tenn. Code Ann § 29-14-107(a) requires that, in a declaratory action, all persons who have a claim or interest be made parties. <u>Accord</u> <u>Huntsville Util. Dist. of Scott County v. Gen. Trust Co.</u>, 839 S.W.2d 397, 403 (Tenn. Ct. App. 1992) ("Because of the nature of declaratory relief, the Declaratory Judgments Act makes it incumbent that every person having an affected interest be given notice and an opportunity to be heard before declaratory relief may be granted."). Defendant Finley has an interest in the matter because he will lose $50,964.90 of the proceeds he has received from Defendant Jackson if Plaintiff prevails. (ECF No. 14 at 122; ECF No. 17 at 139.) Under Tennessee law, Defendant Finley must be joined as a necessary party

6

to Plaintiff's declaratory judgment action.  Defendant Finley was not fraudulently joined.

The parties are not completely diverse because Plaintiff and Defendant Finley are both citizens of Tennessee.  (ECF No. 1 at 4-5; ECF No. 1-3 at 19.)  The Court lacks subject matter jurisdiction.

**IV. Conclusion**

For the foregoing reasons, Plaintiff's Motion to Remand is GRANTED.

So ordered this 26th day of October, 2017.

/s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE